Bruce A. SIMONS, By and Through his surviving spouse, Debra SIMONS, and Debra Simons, Plaintiff, Appellant and Cross–Appellee,

v.

Joelle M. GISVOLD, formerly known as Joelle M. Simons, Defendant, Appellee and Cross–Appellant.

Civ. No. 930315.

Supreme Court of North Dakota.

July 26, 1994.

Erik R. Johnson of Solberg, Stewart, Miller & Johnson, Fargo, for plaintiff, appellant and cross-appellee. Appearance by Debra Simons.

Pamela J. Hermes of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant, appellee and cross-appellant. Appearance by Joelle M. Gisvold.

SANDSTROM, Justice.

For as long as she could remember, 9–year–old Jessica Simons, her father Bruce, and his wife Debra had lived together as a family. While Bruce worked at his job, Debra stayed home and cared for Jessica. In 1993, Bruce died of cancer.

Both Debra Simons, Jessica's "psychological parent," and Joelle Gisvold, Jessica's natural mother, divorced from Bruce shortly after the birth, sought custody. The guardian ad litem recommended Jessica's best interests would be served if she continued to live with Debra.

The district court found the natural mother, although having given up custody of Jessica, had maintained a loving, caring relationship with Jessica. The district court found both the natural mother and the "psychological parent" to be good and decent people: morally fit; able to meet Jessica's physical, emotional and educational needs; and capable and disposed to give her love, affection and guidance.

The district court concluded Joelle Gisvold should be given custody of Jessica because the natural parent has a paramount right to custody when the child would not sustain serious harm or detriment.

Debra Simons appeals, urging, in the exceptional circumstances where there is a "psychological parent," the best interests of the child should prevail, with no preference for a natural parent.

Concluding the district court applied the correct law, we affirm.

I

Jessica was born in July 1983. When Jessica's natural father, Bruce Simons, and Joelle were divorced in May 1984, Bruce was awarded custody of Jessica and Joelle was granted liberal visitation privileges. In 1986, Bruce married Debra, and they resided in Fargo with Jessica until Bruce died from cancer in 1993. Joelle also remarried, and she currently resides with her husband in Galesburg. Bruce left no will or other document expressing his preference as to Jessica's custody after his death.

Joelle filed a motion requesting the district court award her custody of Jessica. Joelle alleged Bruce's death constituted a material

change in circumstances and she, as Jessica's natural mother, is entitled to custody of Jessica. Debra responded she is entitled to custody of Jessica because she had become Jessica's psychological parent during the nearly eight years she, Bruce, and Jessica lived together as a family.

In addition to finding both Debra and Joelle to be fit, able and willing to be good parents, the district court made the following findings of fact. Both Debra and Joelle could provide a permanent family unit, and a stable, satisfactory environment. Joelle had exercised her visitation rights and maintained a good relationship with Jessica. Jessica, who had not been asked for nor expressed a preference, expressed love and affection for each, referring to both as "mom." Jessica will not sustain serious harm or detriment to her welfare if she is removed from her home in Fargo and placed in Joelle's custody.

The trial court awarded Joelle custody of Jessica with visitation rights for Debra. Debra then filed this appeal.

■ The district court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. §§ 27–05–06 and 14–05–22(1). We have jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–01. The appeal was timely under Rule 4(a), N.D.R.App.P. In matters of child custody, the district court is vested with substantial discretion. *Freed v. Freed*, 454 N.W.2d 516, 518 (N.D.1990). On appeal, the district court's custody decision fact finding will not be set aside unless it is clearly erroneous. *Wolf v. Wolf*, 474 N.W.2d 257, 258 (N.D. 1991). Matters of law are fully reviewable. *Ferguson v. Ferguson*, 202 N.W.2d 760, 761 (N.D.1972).

## II

■ Parents generally have the right to the custody and companionship of their children superior to that of any other person. *Worden v. Worden*, 434 N.W.2d 341, 342 (N.D.1989). This right is not absolute. *Hust v. Hust*, 295 N.W.2d 316, 318 (N.D.1980). We recently noted, "parental rights do not spring full-blown from the biological connec-tion between parent and child. They require relationships more enduring." *Matter of Adoption of A.M.B.*, 514 N.W.2d 670, 672 (N.D.1994) (quoting *Lehr v. Robertson*, 463 U.S. 248, 260, 103 S.Ct. 2985, 2992, 77 L.Ed.2d 614, 626 (1983)). Parental rights may be forfeited because of unfitness or abandonment. N.D.C.C. § 14–15–19; *see A.M.B.; Honaker v. Burnside*, 182 W.Va. 448, 388 S.E.2d 322, 324 (1989).

■ Under N.D.C.C. § 14–09–06.1, the district court:

> "must award the custody of the child to a person, agency, organization, or institution as will, in the opinion of the judge, promote the best interests and welfare of the child."

When a psychological parent and a natural parent each seek a court ordered award of custody, the natural parent's paramount right to custody prevails unless the court finds it in the child's best interest to award custody to the psychological parent to prevent serious harm or detriment to the welfare of the child. *Patzer v. Glaser*, 396 N.W.2d 740, 743 (N.D.1986); *In re Buchholz*, 326 N.W.2d 203, 206 (N.D.1982); *Mansukhani v. Pailing*, 318 N.W.2d 748, 751 (N.D. 1982); *Hust*, 295 N.W.2d at 318–19. *See also Matter of Guardianship of Nelson*, 519 N.W.2d 15 (N.D.1994).

■ The circumstances of this case are distinguishable from those cases where custody has been awarded to a psychological parent, rather than the natural parent. *See, e.g., Daley v. Gunville*, 348 N.W.2d 441 (N.D. 1984); *Mansukhani*. Unlike here, the children in those cases had not established a significant bond or relationship with the natural parent. Also, there was evidence in those cases the children would suffer serious harm or detriment if they were removed from the home of the psychological parent and placed with the natural parent. Here, Jessica has a close relationship and strong bond with her natural mother, and there is no evidence Jessica will suffer harm or detriment by being placed in Joelle's custody. Both natural and psychological parent are good people who are fit, willing, and able to parent. Under the facts of this case, we are

not convinced the trial court's custody disposition is clearly erroneous.

### III

In its amended judgment, the district court provided, "each of the parties shall bear their own attorney fees and costs associated with this action." Joelle asserts the trial court erred in refusing to award her attorney fees and in not requiring Debra to be solely responsible for payment of the guardian ad litem fees.

The taxing of costs and awarding of attorney fees is within the trial court's discretion. *State ex rel. Younger v. Bryant,* 465 N.W.2d 155, 160 (N.D.1991); *Gronneberg v. Gronneberg,* 412 N.W.2d 84, 95–96 (N.D. 1987). The trial court's decision regarding costs and attorney fees in a divorce action will not be disturbed on appeal unless it is affirmatively established that the trial court abused its discretion. *Bryant; Lucy v. Lucy,* 456 N.W.2d 539, 544 (N.D.1990). Upon review of the record, we conclude the district court did not abuse its discretion in refusing to award either party costs or attorney fees.

### IV

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN, MESCHKE and DONALD L. JORGENSEN, District Judge, concur.

DONALD L. JORGENSEN, District Judge, sitting in place of LEVINE, J., disqualified.