1997 ND 28

**Todd P. GOTER, Plaintiff and Appellee,**

v.

**Sheri L. GOTER, n/k/a Sheri L. Monge, Defendant and Appellant,**

and

**Darin Goter and Beverly Goter, Intervenors and Appellees.**

Civil No. 960123.

Supreme Court of North Dakota.

Feb. 14, 1997.

Joanne H. Ottmar, of Ottmar & Ottmar, Jamestown, for plaintiff and appellee.

Cynthia Schaar–Mecklenberg, of Paulson & Merrick, Jamestown, for defendant and appellant.

Loren C. McCray, Beulah, for intervenors and appellees.

SANDSTROM, Justice.

[¶ 1] Sheri L. Goter, now known as Sheri L. Monge (Monge), has appealed from an amended divorce judgment providing that she share custody of her daughter, Ashley Goter, with Darin and Beverly Goter (Goters), Ashley's paternal uncle and aunt. We conclude the trial court used an incorrect test in deciding custody, and we reverse the judgment and remand for redetermination.

I

[¶ 2] Ashley Goter was born on September 1, 1992, to Todd Goter and Monge, who married on November 21, 1992, and separated in July 1994. On November 28, 1994, Monge left Ashley with Todd's mother and stepfather, Dee and Mel Weisenberger, along with a letter explaining she knew Dee and Mel could provide for Ashley much better than she could. A stipulated divorce judgment entered on December 30, 1994, granted Todd the primary care, custody, and control of Ashley. Ashley was primarily cared for by the Weisenbergers until they placed Ashley with Darin and Beverly in February 1995.

[¶ 3] In July 1995, Monge moved for relief from the judgment under N.D.R.Civ.P.

60(b), or, alternatively, to amend the judgment to grant her custody of Ashley due to changed circumstances. Goters intervened, seeking custody of Ashley.[1] The parties stipulated the matter would be heard as an original custody dispute between Monge and Goters.

[¶ 4] The trial court found there were exceptional circumstances requiring consideration of the best interest factors in N.D.C.C. § 14–09–06.2.[2] The trial court found factors *a, b, c, f, g,* and *j* favored neither Goters nor Monge; factors *h, i,* and *l* were inapplicable; and factors *d* and *e* favored Goters. In addition, the trial court made the following findings of fact:

"22.

"[Monge] currently lives with Steve Anderson and is going to be married some time in the future. Consequently, Ashley would have significant interaction and interrelationship with Steve Anderson if she were to gain custody. Mr. Anderson pled guilty to possession of drug paraphernalia and possession of a controlled substance and he is on probation until June 28, 1996. Also, Lori Greshik and Toni Roaldson testified about his use of drugs. In light of the fact that [Monge] wants to remove Ashley from a stable environment and place her in a home where someone resides who has been convicted of drug related activity, factor K favors [Goters].

\* \* \* \* \* \*

"24.

"Another relevant factor is the primary caretaker factor. Although [Goters] have cared for Ashley for the past year, this factor does not necessarily favor [Goters] in light of the fact that Sheri was the primary caretaker of the child until she was slightly more than two years old.

"25.

"The best interest factors weigh in favor of [Goters]."

[¶ 5] The trial court made the following conclusions of law:

"3.

"Parents have a right to the custody and companionship of their children superior to that of any other person. When there is a custody dispute between a natural parent and a third party, the test is whether or not there are 'exceptional circumstances' which require that in the best interests of the child, the child be placed in the custody of the third party rather than the biological parent.

\* \* \* \* \* \*

"5.

"A psychological parent relationship exists between [Goters] and Ashley Goter.

"6.

"It is in the best interests of Ashley Goter to be in the joint legal custody of [Goters] and [Monge], with [Goters] having

---

1. Todd Goter supports Goters' petition for custody.

2. N.D.C.C. § 14–09–06.2(1) provides, in part:
   "For the purpose of custody, the best interests and welfare of the child is determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child. These factors include all of the following when applicable:
   \* \* \* \* \* \*
   "d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.
   "e. The permanence, as a family unit, of the existing or proposed custodial home.
   \* \* \* \* \* \*
   "k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.
   \* \* \* \* \* \*
   "m. Any other factors considered by the court to be relevant to a particular child custody dispute."

primary physical custody of the child nine months out of the year and [Monge] having primary physical custody three months out of the year."

An amended judgment was entered and Monge appealed.

[¶ 6] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 14–05–22. We have jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01. The appeal was timely under N.D.R.App.P. 4(a).

## II

[¶ 7] Parents generally have a right to the custody and control of their children superior to the right of any other person. *Simons v. Gisvold*, 519 N.W.2d 585, 587 (N.D.1994). That right is not absolute. *Simons*. Absent exceptional circumstances triggering a best-interest analysis, a natural parent is entitled to custody of his or her child. *In re E.J.H.*, 546 N.W.2d 361, 364 (N.D.1996).

[¶ 8] A trial court's custody determinations are treated as findings of fact, which we do not set aside unless clearly erroneous. *Catlin v. Catlin*, 494 N.W.2d 581, 591 (N.D. 1992). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, upon our review of the entire record, we are left with a definite and firm conviction a mistake has been made. *Surerus v. Matuska*, 548 N.W.2d 384, 387 (N.D.1996). A trial court's conclusions of law are fully reviewable. *Simons* at 587.

## III

[¶ 9] Monge contends the trial court erred in finding Goters are the psychological parents of Ashley. Monge argues: "The Goters have not had Ashley long enough to assume the role of psychological parents. They have provided physical care for Ashley but have not met the psychological needs of a child as a parent does." This court has said: "Those persons who provide a child's daily care and who, thereby, develop a close personal relationship with the child become the psychological parents to whom the child turns for love, guidance, and security." *Patzer v. Glaser*, 396 N.W.2d 740, 743 (N.D. 1986). There was evidence Ashley is a hap-

py, healthy child, who loves Goters, with whom she has a close bond, and who provide Ashley's daily care, discipline her, take her to church, comfort her if she wakes up and is upset at night, and treat Ashley as if she were their own daughter. Our review of the entire record has not left us with a definite and firm conviction a mistake has been made in finding a psychological parent relationship exists between Goters and Ashley. The trial court's finding is, therefore, not clearly erroneous.

## IV

[¶ 10] The trial court concluded "the test is whether or not there are 'exceptional circumstances' which require that in the best interests of the child, the child be placed in the custody of the third party rather than the biological parent." That is not the correct test. The correct test in a case like this was stated in *Simons* at 587:

"When a psychological parent and a natural parent each seek a court ordered award of custody, the natural parent's paramount right to custody prevails unless the court finds it in the child's best interest to award custody to the psychological parent to prevent serious harm or detriment to the welfare of the child."

Thus, the trial court's custody decision was induced by an erroneous view of the law and is, therefore, clearly erroneous.

[¶ 11] Goters contend the trial court's findings "demonstrate that the trial court found that it was in Ashley's best interests to prevent serious harm or detriment to her to place her with" Goters. There are no such explicit findings. Todd Goter contends "[t]he Trial Court implicitly found that there existed harm or detriment if Ashley were to be placed in the home of Monge and Steve Anderson." Because the trial court clearly applied an incorrect legal test for deciding custody, however, we are unable to conclude the trial court, nevertheless, made an implicit finding in accordance with the correct test.

## V

[¶ 12] The child custody ruling in the judgment is reversed and the matter is re-

manded for redetermination using the correct test for determining custody.

[¶ 13] NEUMANN and MESCHKE, JJ., concur.

[¶ 14] WILLIAM F. HODNY, D.J., sitting in place of MARING, J., disqualified.

VANDE WALLE, Chief Justice, dissenting.

[¶ 15] I respectfully dissent.

[¶ 16] In *Hust v. Hust*, 295 N.W.2d 316 (N.D.1980), we concluded that in a divorce action a trial court may award custody of a child to a person other than the parents only when exceptional circumstances exist which, in the best interests of the child, require placement with a person other than one of the parents. I agree the existence of a psychological parent is an exceptional circumstance, *Simons v. Gisvold*, 519 N.W.2d 585 (N.D.1994), and the trial court must determine whether or not the best interests of the child require placement with the psychological parent. *Id.* Although the trial court did not follow a ritualistic recitation of the standard, my reading of the findings indicate the trial court understood and applied the appropriate standard.

[¶ 17] It is apparent from reading the memorandum opinion (a trial court's memorandum opinion may be used to clarify and provide clear understanding of the court's findings and conclusions, *Bishop Ryan High School v. Lindberg*, 370 N.W.2d 726 (N.D. 1985)) and the findings of fact the psychological parent and ordinary best-interests test were not the only concerns of the trial court. The findings are adequate if we understand from the findings the factual basis for the trial court's determination. *E.g., Gross v. Sta–Rite Industries, Inc.*, 322 N.W.2d 679 (N.D.1982).

[¶ 18] The trial court obviously applied the standard to prevent serious harm or detriment to Ashley when it found the court was being asked "to grant [Monge] custody of Ashley and remove Ashley from a stable environment and place her in a home where someone resides who has been convicted of drug related activity" and "the bottom line for the Court is that it is asked to take Ashley from a stable satisfactory environment and place her into an environment that is not stable and is in a state of flux." These quotations from the trial court's Memorandum Opinion are reflected in Finding 22 of the Findings of Fact and quoted in the majority opinion.

[¶ 19] I believe the trial court applied the appropriate test. Under our standard of review, Rule 52(a), N.D.R.Civ.P., I would affirm the decision of the trial court.

WILLIAM F. HODNY, District Judge.

[¶ 20] I agree with the dissenting opinion.