*2000 ND 144*

**Christi L. COX, Plaintiff and Appellant,**

v.

**Russell R. COX, Defendant and Appellee.**

**No. 990279.**

Supreme Court of North Dakota.

July 20, 2000.

Leslie Johnson Aldrich, Johnson Law Office, Fargo, for plaintiff and appellant.

Monty G. Mertz, Mertz Law Office, Fargo, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Christi L. Cox appealed from a divorce judgment awarding custody of her son to his father, Russell R. Cox. We conclude the trial court's custody decision is not clearly erroneous, and we affirm.

I

[¶ 2] In 1996, Russell Cox and Christi Cox met in Colorado and began living together. They eventually moved to North Dakota, where their son was born June 30, 1997, in Bismarck. The couple married on August 7, 1997, in Rugby. He was 28 years old, and she was 22.

[¶ 3] Russell Cox was born in Colorado Springs, Colorado, where he was raised by an aunt and uncle. He is generally healthy, but has a hormone deficiency for which he takes medication. He also suffers from anxiety attacks and is undergoing treatment for this condition. His medical conditions do not prevent him from working. Christi Cox is a Native American and an enrolled member of the Spirit Lake Sioux Tribe at Devils Lake. She was a foster child and was adopted and raised on a farm near Leeds. She suffers from "[s]plit personality, borderline identity disorder, and severe depression." She has taken various medications over the years and spent three years in residential psychiatric care in Fargo. She is suicidal. Because of her mental illnesses, Christi Cox is considered permanently disabled and has received Social Security disability benefits since she was 18 years old. The

child also has some health problems, including gastroesophageal reflux and intolerance for dairy products.

[¶ 4] Lack of money plagued the couple throughout their relationship. They moved often and did not live in one place long enough for Russell Cox to obtain stable employment. The couple was supported primarily by Christi Cox's parents. They had a somewhat turbulent relationship, and after an incident in the fall of 1998 resulting in Russell Cox's incarceration for simple assault of Christi Cox, the couple separated.

[¶ 5] Christi Cox sued Russell Cox for divorce in November 1998, seeking custody of the child. A default divorce judgment granting her custody was entered in December 1998. Russell Cox, who had moved back to Colorado Springs, successfully moved to have the default judgment vacated, and requested he be granted custody of the child. During this time, Christi Cox moved back to the farm and lived with her parents while exploring the possibility of placing her son for adoption. She eventually gave custody of her son through a power of attorney to Jerry and Bonnie Johnson, a Leeds area farm couple, and moved to Arizona to attend school to become a pharmacy technician.

[¶ 6] During the divorce trial, Christi Cox testified that if she were awarded custody, she would seek to have her son adopted by the Johnsons. She further testified it would not be in the child's best interests to be in either her custody or Russell Cox's custody. The trial court found the evidence of domestic violence by Russell Cox was insufficient to raise the presumption against custody by the perpetrator, and found it would be in the child's best interests to be placed in his custody. The court awarded custody of the child to Russell Cox, and granted Christi Cox supervised visitation "[i]f she desires any visitation."

[¶ 7] The Indian Child Welfare Act, 25 U.S.C. § 1901, *et seq.*, does not apply to the custody dispute in this divorce action because the Act is inapplicable to "an award, in a divorce proceeding, of custody to one of the parents." 25 U.S.C. § 1903(1). *See Malaterre v. Malaterre,* 293 N.W.2d 139, 145 (N.D.1980). The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Christi Cox's appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 8] Christi Cox argues the trial court erred in awarding custody of the child to Russell Cox.

[2–4] [¶ 9] An award of custody is treated as a finding of fact, and this Court will not disturb a custody award unless it is clearly erroneous under N.D.R.Civ.P. 52(a). *Brown v. Brown,* 1999 ND 199, ¶ 10, 600 N.W.2d 869. A finding of fact is clearly erroneous only it if is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Kjelland v. Kjelland,* 2000 ND 86, ¶ 8, 609 N.W.2d 100. A reviewing court will not retry a custody case or substitute its judgment for that of the trial court, if the trial court's findings are supported by evidence in the record. *Ackerman v. Ackerman,* 1999 ND 135, ¶ 8, 596 N.W.2d 332.

[¶ 10] Custody decisions are based on the "best interests of the child" standard set forth in N.D.C.C. §§ 14–09–06.1 and 14–09–06.2(1). *Reeves v. Chepulis,* 1999 ND 63, ¶ 10, 591 N.W.2d 791. A district court has substantial discretion in making a custody decision, but it must consider all of the factors listed in N.D.C.C. § 14–09–06.2(1)(a)–(m). *Severson v. Hansen,* 529 N.W.2d 167, 168–69 (N.D.1995). A separate finding is not required for each statutory factor, but the court's findings should be stated with suffi-

cient specificity so we can understand the factual basis for its decision. *Schumacher v. Schumacher*, 1999 ND 149, ¶ 16, 598 N.W.2d 131.

## A

[¶ 11] Christi Cox argues the trial court erroneously awarded custody of the child to Russell Cox, because he abandoned the child and did not provide any emotional or financial support for him.

[¶ 12] There is evidence Russell Cox took an active part in all aspects of his son's care. Russell Cox testified Christi Cox did not want him to work because she was jealous of other women and because she could not care for the child alone, which was one of the reasons he had a difficult time finding stable employment. After his conviction for simple assault, ·Russell Cox was subject to a no contact order with Christi Cox and he moved back to Colorado Springs. The parties nevertheless contacted each other by telephone on several occasions and discussed the possibility of reconciliation. Russell Cox offered to provide Christi Cox plane tickets so she and the child could move to Colorado Springs, and his uncle also offered to assist Christi Cox and the child to travel to Colorado.

[¶ 13] Russell Cox and his uncle testified about their fruitless efforts to locate the child after Russell Cox moved to Colorado. Neither Christi Cox nor her mother would divulge the child's whereabouts to them. Russell Cox contacted social services and adoption agencies and tried to contact a tribal child protection service agent in an attempt to find the child. Christi Cox admitted she gave custody of the child to the Johnsons so they could seek termination of parental rights based on abandonment after one year had passed.

[¶ 14] Russell Cox did not pay support for the child after moving to Colorado. Although nonpayment of support is an important consideration in determining whether a parent has abandoned a child, it does not, in itself, constitute abandonment. *See Hamers v. Guttormson*, 2000 ND 93, ¶ 7, 610 N.W.2d 758. The trial court reasoned:

> Christi complained that Russell had "abandoned" [the child], because he did not send or pay any support. However, the evidence establishes that Russell made continuous attempts to have Christi and [the child] move to Colorado, and when that did not happen, he made efforts to locate [the child] and to respond to Christi's divorce action. Christi actively hid [the child] from Russell, in that her goal was to establish abandonment in order to pursue termination of Russell's parental rights. Russell at no time intended to abandon [the child].

[¶ 15] We conclude the trial court's finding Russell Cox did not abandon the child is not clearly erroneous.

## B

[¶ 16] Christi Cox argues the trial court failed to consider evidence of domestic violence perpetrated by Russell Cox against her and the child.

[¶ 17] There is a rebuttable presumption against awarding custody to a parent who has perpetrated domestic violence. *See Reeves*, 1999 ND 63, ¶ 11, 591 N.W.2d 791. The presumption is triggered when the trial court finds "credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding ...." N.D.C.C. § 14–09–06.2(1)(j). When a trial court addresses whether evidence of domestic violence triggers the presumption, the court must make specific and detailed findings regarding the effect the allegations of domestic violence have on the presumption. *See Holtz v. Holtz*, 1999 ND 105, ¶ 27, 595 N.W.2d 1. Specific factual

findings are not required when the evidence of domestic violence does not rise to the level of triggering the domestic violence presumption, but that evidence can still be considered by the court as one of the best-interests factors. *See Schiff v. Schiff,* 2000 ND 113, ¶ 24, 611 N.W.2d 191.

[¶ 18] The trial court addressed Christi Cox's allegations of domestic violence:

> Christi claimed that Russell engaged in domestic violence. However, she related only a few incidents, the facts of which were disputed. During one incident, Christi hit Russell in the face when they were in the car together. He got out and hit the car, saying he did not want to hit her. In another incident she claimed Russell pushed her over in a chair she was sitting in. Russell denied this incident. Although this was supposed to have occurred in her parents' living room, both of her parents attended the entire trial and were in the Courtroom. Neither one testified in support of her allegation. She then claimed that she walked in on Russell and claims he was screaming at [the child] and was trying to smother him. Mrs. Alveshere testified only that she was there and saw Russell with "his hand over the baby's mouth." The incident which ended the parties' relationship was on an evening when the parties had a fight. The police were called, and Russell was arrested. He later pleaded guilty to simple assault. The parties were never together after that time. Pursuant to NDCC Section 14–09–06.2(j), the Court finds that Christi has not proven credible evidence that domestic violence has occurred which involved serious bodily injury, use of a dangerous weapon, or a pattern of domestic violence.

[¶ 19] The trial court found most of Christi Cox's allegations of domestic violence were not credible. The incident in which Russell Cox struck the car does not qualify as domestic violence under the facts of this case. *See Brown,* 1999 ND 199, ¶ 15, 600 N.W.2d 869. The altercation resulting in Russell Cox's conviction for simple assault caused bruises to Christi Cox's neck, knee, and leg. Russell Cox testified she received a "mark" on her neck after he grabbed her by the back of the shirt and tried to take car keys from her. There was no other evidence presented addressing the seriousness of her injury. The trial court did not view this incident as having caused Christi Cox serious bodily injury, and we cannot say the trial court incorrectly evaluated the evidence in the record.

[¶ 20] The trial court's finding Christi Cox had not proven credible evidence of domestic violence involving serious bodily injury, use of a dangerous weapon, or a pattern of domestic violence is not clearly erroneous.

C

[¶ 21] Christi Cox argues the trial court failed to consider "exceptional circumstances" in this case that would allow the court to award custody of the child to Jerry and Bonnie Johnson. She contends the Johnsons have become the child's "psychological parents," thereby justifying, in the child's best interests, an award of custody to the Johnsons. She also contends custody should be awarded to the Johnsons "to prevent harm or detriment" to the child if left in the custody of his father.

[¶ 22] A court cannot award custody to a third party, rather than to a natural parent, under a "best interests of the child" test, unless it first determines that exceptional circumstances exist to trigger the best-interests analysis. *In re Lukens,* 1998 ND 224, ¶ 6, 587 N.W.2d 141. Absent exceptional circumstances, the natural parent is entitled to custody of the child even though the third party may be able to offer more amenities. *Worden v. Worden,* 434 N.W.2d 341, 342 (N.D.1989). When a psychological parent and a natural parent each seek a court-ordered award of custody, the natural parent's paramount

right to custody must prevail unless the court determines it is necessary in the best interests of the child to award custody to the psychological parent to prevent serious detriment to the welfare of the child. *Goter v. Goter,* 1997 ND 28, ¶ 10, 559 N.W.2d 834.

[¶ 23] Although the existence of a psychological parent relationship with a child qualifies as an "exceptional circumstance," *see Simons v. Gisvold,* 519 N.W.2d 585, 587 (N.D.1994), the Johnsons are not parties to these proceedings. The Johnsons did not testify at trial. There is no expert testimony on the psychological parent issue. At the time of trial, the child had been with the Johnsons for six months, after having been secreted there by the mother. Christi Cox testified the child "bonded with [Bonnie Johnson] very well," the Johnsons "sounded like a really good family," the child "clings to Bonnie and Jerry," and the child is "very stable" and "calls [the Johnsons] mommy and daddy." This evidence is insufficient to show the Johnsons are the psychological parents of the child.

[¶ 24] The trial court found Russell Cox cared for the child since his birth and had a detailed understanding of his health problems. Russell Cox is employed as a code enforcer for a Colorado Springs suburb, earning nearly $10 per hour. The court found Russell Cox had an appropriate home to raise the child and a strong support system in his family in the Colorado Springs area. His aunt and uncle live near him and have the means, and are willing, to assist and support him in parenting the child. The court found:

> Under all the applicable factors contained in NDCC Section 14–09–06.2, each and every one favors an award of custody to Russell.... Russell has the capacity and disposition to provide a stable, satisfactory environment for [the child]. He has the resources, ability, and desire to provide for all of [the child's] emotional and physical needs. It is clearly in [the child's] best interest to award his care, custody and control to Russell.

[¶ 25] We conclude the trial court's award of custody to Russell Cox is not clearly erroneous.

III

[¶ 26] The judgment is affirmed. Because Christi Cox included materials in the appendix that were not in the record, we award double costs on appeal. *See* N.D.R.App.P. 13, 28, 30; *Estate of Wieland,* 1998 ND 130, ¶ 22 n. 3, 581 N.W.2d 140.

[¶ 27] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.