2001 ND 61

**Laura Rae ALBRECHT, Plaintiff and Appellant,**

v.

**METRO AREA AMBULANCE and Kent Hummel, Defendants and Appellees.**

No. 20000226.

Supreme Court of North Dakota.

March 20, 2001.

David Boeck, Protection and Advocacy Project, Bismarck, ND, for plaintiff and appellant.

Tracy Vigness Kolb, Zuger Kirmis & Smith, Bismarck, ND, for defendants and appellees. Appearance by Lance D. Schreiner.

SANDSTROM, Justice.

[¶ 1] Laura Albrecht appealed from a judgment dismissing, with prejudice, her action for damages against Metro Area Ambulance ("Metro") and Kent Hummel for negligently transporting her to a medical facility. We hold the trial court erred in concluding it could not, as a matter of law, award noneconomic damages without evidence of economic damages. We reverse the judgment and remand for a new trial on the merits.

I

[¶ 2] On September 25, 1994, Albrecht's treating doctor requested emergency transport of Albrecht to the Medcenter One psychiatric unit. The police responded first and found Albrecht intoxicated and asleep in her vehicle parked in a lot near her home. According to the police, Albrecht became very combative and resistant when they woke her, and to protect her and themselves they handcuffed Albrecht's hands behind her back. When Metro attendants arrived, they strapped Albrecht facedown onto a stretcher board located on a cot and placed her into the ambulance for transport to the medical facility. Albrecht claims she suffered severe pain and trauma during the ambulance ride, caused by her facedown position on the stretcher board and her hands being tightly cuffed behind her back. Albrecht also claims attendant Hummel sat on her handcuffed arms during the ride, causing her pain and injury to the left wrist, which eventually required surgery.

[¶ 3] Albrecht sued Metro and Hummel, seeking damages for their negligent transport of her to the medical facility. The case was tried to the court. At the close of Albrecht's case, Metro's counsel moved for judgment as a matter of law under N.D.R.Civ.P. 50(a). After initially denying the request, the court, after hearing one defense witness, granted the motion, stating there was no evidence of damages upon which the court could grant relief.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Albrecht's appeal is

timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] In dismissing Albrecht's action, the trial court made the following finding of fact:

[IV] [Albrecht] offered no evidence, medical or otherwise, that the alleged tortious act of Defendant Hummel proximately caused her alleged injuries.

Albrecht moved for a new trial, specifically objecting to this finding and requesting the court to correct it:

The findings, conclusions, and order should include a statement that [Albrecht] presented a prima facie case on the issues of duty, breach, and causation. They should also contain a statement, consistent with the Court's announced decision, that [Albrecht] presented evidence that she sustained injuries from the Defendants' breach of duty but not sufficient evidence for the Court to establish the amount of damages.

. . . .

Paragraph IV of Defendants' proposed findings is incorrect. Defendants made this argument but the Court did not adopt it as a finding in open court.

The trial court denied the motion for new trial and refused to amend or delete this finding.

[¶ 6] A trial court's findings of fact will not be set aside unless clearly erroneous. N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Cox v. Cox*, 2000 ND 144, ¶ 9, 613 N.W.2d 516.

[¶ 7] Albrecht testified she has a back injury and during the transport by Metro her back "hurt very bad." She said she tried to free her ankle from the restraining strap so she could turn onto her side to take pressure off her back, but when she freed her ankle Hummel replaced the strap and then "got up and he sat on my handcuffed wrists and into my back." She later testified:

A. When I first saw it after the handcuffs were removed, my wrist was very bruised, very swollen. It had some color like purple and red. It was very sore. It was in both wrists, however, the right wrist—after a day or less of ice, the right wrist completely was fine. My left wrist I lost some of the mobility into my thumb. I just continued to apply ice—although I requested an x-ray—and I worked it myself.

Q. And how was that injured?

A. I believe it was definitely injured when my handcuffs were sat upon.

. . . .

Q. So, how long did it take you to regain full use of your thumb?

A. I still don't have full use of my thumb today.

Q. Have you seen anybody about it?

A. Yes, I have.

Q. And what's the remedy for it?

A. I had surgery once. I had a bone graft. They took bone from my hip and grafted it right here, just a little bit lower.

The trial court found Albrecht "offered no evidence ... the alleged tortious act of Defendant Hummel proximately caused her alleged injuries." This finding is inconsistent with the foregoing testimony. Albrecht clearly testified the conduct of the Metro attendants in transporting her in a restrained facedown manner caused her pain and anxiety and attendant Hummel's conduct in sitting on her during transport caused her additional pain and injury to the thumb and left wrist. We conclude the court's finding there is "no evidence" of negligence causing injury is clearly erroneous.

### III

[¶ 8] At the close of Albrecht's case, counsel for Metro moved for judgment as a matter of law under N.D.R.Civ.P. 50(a), which provides:

(a) Judgment as a Matter of Law.

(1) If *during a trial by jury* a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim, or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time *before submission of the case to the jury.* Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment. (Emphasis added.)

In granting the motion, the trial court stated:

[I]nterpreting the evidence in the light most favorable to [Albrecht], it's possible that there could ultimately be established some kind of tort on the part of the defense.

However, even if that were to happen, I've concluded there is absolutely nothing in the record to establish damages in this case, and that there must be some fundamental showing of damages in the case-in-chief in order for the Court to deny the motion that was made by the defense here. As I go through the record, I see nothing at all to show a measure of damages. The possibility that the wrist injury, again, concluding that it might have been caused by something that the defendants did, there is nothing in the record to show loss of earnings, any other kind of economic damages, nothing on which the Court could base an award. There is no evidence of medical bills, anything like that.

[S]o I'm going to reverse myself in terms of my earlier ruling and grant your motion based strictly on the total failure of the record to this point to show damages.

Regarding this issue, the trial court made the following written finding:

Even if the court found a tortious act by Defendants, [Albrecht] offered absolutely no evidence establishing damages, and it would require speculation, conjecture, and surmise by the court to order an award of damages.

[¶ 9] The explanatory note to N.D.R.Civ.P. 50 explains that in 1994 the terminology of this rule was revised:

Rule 50 was revised, effective March 1, 1994, to track the 1991 federal revision. The revision abandons the terminology "directed verdict" and "judgment notwithstanding the verdict." Instead, the terminology "judgment as a matter of law" is substituted. In determining whether to grant judgment as a matter of law, the standard remains the same as the standard for determining whether a directed verdict or judgment notwithstanding the verdict should be granted.

This Court has held that a motion under this rule is improper in a bench trial. *Larson v. Unlimited Business Exchange of North Dakota, Inc.,* 330 N.W.2d 518, 521 (N.D.1983). The rule, by its express terms, applies "during a trial by jury." Metro's motion was therefore inappropriate. However, Albrecht did not object to the motion being unavailable in a bench trial, and the trial court granted the motion on its merits. We will, therefore, address the court's ruling on the motion.

[¶ 10] In *Symington v. Mayo,* 1999 ND 48, ¶ 4, 590 N.W.2d 450, we explained our procedure for reviewing a court's decision on a motion brought under N.D.R.Civ.P. 50:

The trial court's decision on a motion brought under N.D.R.Civ.P. 50 to deny or grant judgment as a matter of law is

based upon whether the evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion.... In determining if the evidence is sufficient to create an issue of fact, the trial court must view the evidence in the light most favorable to the non-moving party, and must accept the truth of the evidence presented by the non-moving party and the truth of all reasonable inferences from that evidence which support the verdict. The trial court's decision on a motion for judgment as a matter of law is fully reviewable on appeal. (Citations omitted.)

[¶ 11] The trial court concluded, as a matter of law, it could not award noneconomic damages in the absence of some evidence of economic damages suffered by the plaintiff. This is an erroneous view of the law. Under N.D.C.C. § 32–03.2–04, damages in a civil tort action for personal injury may be awarded by the trier of fact as "compensation for economic damages" and as "compensation for noneconomic damages." The statute states noneconomic damages include "damages arising from pain, suffering, inconvenience ... mental anguish, emotional distress, fear of injury ... humiliation, and other nonpecuniary damage." Metro has not cited any authority requiring a tort victim seeking damages in a negligence action for personal injury to prove economic damages, such as loss of earnings or medical expenses, as a prerequisite to being awarded noneconomic damages for pain and suffering and similar injury. Section 32–03.2–04, N.D.C.C., does not impose any such prerequisite to an award of noneconomic damages.

[¶ 12] "[T]he determination of damages for pain and suffering and comparable losses is not susceptible of an arithmetical calculation. Its ascertainment must, to a large degree, depend upon the common knowledge, good sense, and prac-

tical judgment" of the factfinder. *Dahlen v. Landis,* 314 N.W.2d 63, 68 (N.D.1981). *See also Reisenauer v. Schaefer,* 515 N.W.2d 152, 157 (N.D.1994).

[¶ 13] In *Clark v. Josephson,* 66 N.W.2d 539, 547 (N.D.1954), this Court held medical testimony is not a prerequisite to an award of damages for personal injuries suffered by a defendant's negligent conduct. In *Clark,* the defendant driver argued an award of $1300 to the plaintiff, who claimed she suffered injuries in a two-car collision, was "not based on any evidence" because "there was no medical testimony pertaining to her personal injuries." *Id.* at 547. In upholding the damage award, this Court stated:

There is no fixed rule by which compensation for pain and suffering may be measured. Human suffering is not a commodity; it has no price, and therefore, it was left to the best judgment and sound discretion of the jury to determine compensation for the injuries sustained ... and the pain and suffering arising therefrom....

Medical testimony may be used for the purpose of increasing or minimizing the amount of damages. We have not found, nor has appellant pointed to any cases holding that substantial damages may not be awarded in absence of medical testimony. (Citation omitted.)

*Id.* at 548. *See also Lake v. Neubauer,* 87 N.W.2d 888, 891 (N.D.1958).

[¶ 14] Under N.D.C.C. § 32–03.2–04, evidence of economic damages is not required for the factfinder to award noneconomic damages in a tort action for personal injury. Our statute is consistent with the summarized statement of the law in 2 Dan B. Dobbs, *The Law of Torts,* 1050–51 (2001):

The plaintiff is entitled to recover for all forms of suffering proximately caused by tortious injury, including future suffering. The pain for which recovery is allowed includes virtually any form of conscious suffering, both emotional and physical.... Expert testimony can ad-

dress pain, but frequently the physical injury itself and the kind of medical attention needed, permit or require an inference that the plaintiff suffered physically or emotionally.

## IV

[¶ 15] We conclude the trial court dismissed Albrecht's claim under a misconception of the law, that a factfinder cannot award damages for pain and suffering or other noneconomic loss unless the plaintiff offers proof of economic damages. Reviewing the evidence in the light most favorable to Albrecht, and accepting the truth of the evidence presented by Albrecht and all reasonable inferences from the evidence that supports her claim, we conclude the evidence was sufficient to create a fact issue whether Albrecht is entitled to an award of damages for pain, suffering, and other noneconomic loss caused by Metro's negligence in transporting her. We hold the trial court erred in granting Metro's motion under N.D.R.Civ.P. 50(a), and we therefore reverse the judgment and remand for a new trial on the merits.

[¶ 16] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.