2006 ND 170

**Gene WEINREIS, Donnell Michels, and Badlands Flight Group, Inc., Plaintiffs and Appellees**

v.

**Stephen W. HILL, Defendant,**

and

**AeroLease of America, Inc., Defendant and Appellant.**

No. 20060026.

Supreme Court of North Dakota.

July 27, 2006.

Michael J. Maus, Hardy, Maus & Nordsven, P.C., Dickinson, N.D., for plaintiffs and appellees.

Lawrence A. Dopson, Zuger Kirmis & Smith, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] AeroLease of America, Inc. ("AeroLease") appealed from a district court judgment ordering AeroLease to reconvey an airplane and two engines to Badlands Flight Group, Inc. ("Badlands"), and awarding damages. The district court concluded that although Steven W. Hill had ostensible authority as an agent of Badlands, AeroLease did not act in good faith and was negligent in an airplane sale-lease back transaction. Because we conclude the district court did not clearly err in finding AeroLease was negligent, we affirm.

I

[¶ 2] The facts in this case were set forth in *Weinreis v. Hill*, 2005 ND 127, 700 N.W.2d 692, and we will not repeat them here except as necessary to assist in resolving the issues raised in this appeal.

[¶ 3] In December 2001, Gene Weinreis, Donnell Michels, and Hill formed Badlands, and shortly after incorporation, Badlands purchased a Beechcraft airplane for $147,500. AeroLease provides financing for financially stressed borrowers by buying airplanes and leasing them back to borrowers. AeroLease's president is Stanley Shaw. In May 2002, Hill applied to AeroLease for financing. AeroLease agreed to acquire title to the plane, and Badlands, through Hill, was to maintain physical control of the plane and lease it from AeroLease. As part of the transaction, Badlands was to receive a single cash payment of $65,000 and continued use of the plane during a twelve-month lease in exchange for transferring the plane's title and making monthly lease payments of $1,415 to AeroLease. Badlands had the right to reacquire title to the plane by paying $70,887, representing the initial loan balance plus certain additional fees.

[¶ 4] AeroLease paid Hill $65,000 for the airplane. Hill made the first three monthly lease payments, but thereafter defaulted. AeroLease then unsuccessfully attempted to repossess the airplane. Weinreis and Michels asserted they had no knowledge of Hill's transaction with AeroLease and had not authorized Hill to enter into the arrangement on behalf of Badlands.

[¶ 5] Following a bench trial, the district court found AeroLease was not a good faith purchaser and would be unjustly enriched if the contract were enforced. In *Weinreis*, 2005 ND 127, ¶¶ 11–13, 700 N.W.2d 692, we reversed and remanded to the district court for further consideration of whether Hill acted with apparent or ostensible authority to bind Badlands with respect to the transaction with AeroLease.

[¶ 6] In *Weinreis*, 2005 ND 127, ¶ 14, 700 N.W.2d 692, this Court declined to address issues relating to the applicability of the Uniform Commercial Code, as adopted in North Dakota, because such issues had not previously been raised in the district court. We did, however, invite the district court to consider the U.C.C. on remand, if necessary. *Id.* Instead, the district court declined to consider U.C.C. applicability, resolving the dispute solely by applying N.D.C.C. § 3–03–03 after finding Hill acted with ostensible authority. Based upon the issues and arguments made to the trial court, we, therefore, again do not address any U.C.C. issues in this appeal.

[¶ 7] On remand, the district court made additional findings and concluded that Hill was indeed cloaked with ostensible authority to act for Badlands. The district court found that Hill had been given secretarial and bookkeeping responsibilities for Badlands, but all major decisions were made jointly by all three principals. The court found Weinreis and

Michels were not aware Hill represented himself as the president of Badlands and did not authorize that representation. The court also found Weinreis and Michels first became aware of the arrangement with AeroLease when AeroLease attempted to repossess the plane in December 2002. The district court, however, concluded that even though Hill had ostensible authority, Badlands was not bound by Hill's actions because AeroLease did not act in good faith and was negligent in the sale-lease back transaction. The district court entered judgment requiring AeroLease to reconvey the airplane and engines to Badlands, granting Weinreis, Michels, and Badlands judgment against Hill for $23,828.08 for damages, and granting AeroLease judgment against Hill for $103,309, the value of the plane. AeroLease appealed.

## II

[¶ 8] AeroLease argues the district court erred as a matter of law in failing to apply a subjective test in determining AeroLease's good faith, and even under an objective standard of good faith, AeroLease acted in good faith. AeroLease also claims the district court clearly erred finding negligence.

[¶ 9] Under N.D.C.C. § 3–03–03, AeroLease must have acted with good faith and without ordinary negligence in order to bind Badlands for Hill's actions under mere ostensible authority. Section 3–03–03, N.D.C.C., states, "A principal is bound by acts of his agent under a merely ostensible authority to those persons only who in good faith *and without ordinary negligence* have incurred a liability or parted with value upon the faith thereof." (Emphasis added.) "[O]rdinary negligence, [shall consist] in the want of ordinary care and diligence...." N.D.C.C. § 1–01–17. Further, N.D.C.C. § 1–01–15 provides,

"Ordinary care or diligence means such as a person usually exercises about his own affairs of ordinary importance."

[¶ 10] A district court's determination of negligence is a finding of fact which will not be set aside on appeal unless it is clearly erroneous under N.D.R.Civ.P. 52(a). *Layman v. Braunschweigische Maschinenbauanstalt, Inc.,* 343 N.W.2d 334, 339 (N.D.1983) (issues of negligence are questions of fact for the trier of fact); *F–M Potatoes, Inc. v. Suda,* 259 N.W.2d 487, 492 (N.D.1977) (ample evidence in the record supported trial court's negligence finding). *See Miller v. Diamond Res., Inc.,* 2005 ND 150, ¶ 8, 703 N.W.2d 316 (negligence questions raised genuine issues of material fact precluding summary judgment). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire record, is left with a definite and firm conviction a mistake has been made. *Fischer v. Berger,* 2006 ND 48, ¶ 8, 710 N.W.2d 886; *Albrecht v. Metro Area Ambulance,* 2001 ND 61, ¶ 6, 623 N.W.2d 367.

[¶ 11] The district court here, after concluding Hill had acted with ostensible authority, decided AeroLease was negligent based on problems with the documentation AeroLease had received, together with AeroLease paying all consideration to Hill, and not to Badlands. Specifically, the district court made the following findings and conclusion considering AeroLease's negligence in dealing with Hill:

14. Hill did represent himself to Stan Shaw as the President of Badlands Flight Group, Inc. AeroLease changed the documents to show Hill as president. Weinreis and Michels were not aware that the Bill of Sale filed with FAA listed Hill as the president.

. . . .

16. The Aircraft Lease Agreement was first initialed by Hill as the lessor, (Badlands Flight Group is the lessee), and signed by Stephen Hill. The Lease Agreement was then initialed by Stan Shaw as lessee and returned to Steve Hill. Steve Hill initialed the lease a second time as lessor and an unidentified person printed the word "President" after his name at the end of the lease.

. . . .

20. AeroLease has in its files at least four (4) different Bills of Sale of the aircraft. AeroLease did not know which Bill of Sale was submitted to FAA. The first is one where the seller is listed as Stephen Hill. That same Bill of Sale was later changed by someone to change the name of the seller to Badlands Flight Group, Inc., and was signed by Stephen Hill a second time. AeroLease of America admits filling out the top portion of that Bill of Sale and it appears that the person that filled out the top portion also inserted the words "Badlands Flight Group" under Seller. The consideration recited in this Bill of Sale cannot be determined from the documents.

21. There is a separate Bill of Sale which names Badlands Flight Group as the seller and is signed with the name Stephen Hill, but the signature appears not to be genuine. At the top of the Bill of Sale the word "Stan" is written.

. . . .

23. Hill denies ever modifying any of the Bills of Sale or authorizing anyone else to do so. Stan Shaw of AeroLease testified that he thought it was appropriate to change any portion of the Bill of Sale except the signature.

. . . .

[T]he Court reaffirms its conclusion . . . that AeroLease was negligent in its handling of this purchase.

[¶ 12] Essentially, the district court found AeroLease's negligent acts included depositing the proceeds of the transaction in Hill's bank account rather than Badlands' account, and preparing multiple bills of sale as described above which evidenced its confusion (or knowledge) of the plane's ownership, in addition to the circumstances surrounding the signing of the lease agreement, which resulted in an unidentified person printing "President" after Hill's name at the end of the lease. The district court is in the best position to weigh the facts as presented and, apparently, did not find Shaw a credible witness.

[¶ 13] AeroLease argues that its reliance upon Hill's assertions as president of Badlands was justified, particularly when considering N.D.C.C. § 10–19.1–53 (president of the corporation authorized to sign and deliver contracts) and N.D.C.C. § 10–19.1–56 (providing in absence of an election or appointment of officers, individuals exercising principal officer functions deemed elected to those offices). However, these statutes do not preclude a district court from finding, as a matter of fact, there were facts that should have placed AeroLease on notice, or at least on inquiry, that Hill had no actual authority to bind Badlands to the lease agreement.

[¶ 14] We disagree with AeroLease's assertion that the district court's decision required it to routinely perform an extensive investigation to determine Hill was not acting with actual authority. On the contrary, the district court found that the absence of inquires by AeroLease in light of all the circumstances of the transaction here was negligent. The record supports the district court's findings, and the findings support the negligence conclusion.

[¶ 15]   Upon examining the entire record, we are not left with a definite and firm conviction the district court made a mistake in finding AeroLease was negligent in dealing with Hill. The district court concluded that based upon the facts known to AeroLease, a reasonably prudent person would be placed on notice that Hill could not bind Badlands, and ultimately, that AeroLease was negligent in handling the transaction.  We conclude the district court did not clearly err in finding Aero-Lease was negligent in its dealings with Hill.

[¶ 16]   Therefore even assuming Aero-Lease acted in good faith, because we conclude the district court's finding that AeroLease did not act "without ordinary negligence" is not clearly erroneous, we conclude that Badlands was not bound by Hill's actions under N.D.C.C. § 3–03–03.

### III

[¶ 17]   The district court's judgment is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.