# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 299

Matthew Adam Thomas,                                Plaintiff and Appellant

v.

SummerLee Candy Thomas,                                        Defendant

and

State of North Dakota,                        Statutory Real Party in Interest

## No. 20190094

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by McEvers, Justice.

Tasha M. Gahner, Fargo, ND, for plaintiff and appellant; submitted on brief.

# Thomas v. Thomas
## No. 20190094

**McEvers, Justice.**

[¶1]  Matthew Thomas appeals from a civil judgment granting the parties joint residential responsibility of the children.  We affirm in part and remand while retaining jurisdiction under N.D.R.App.P. 35(a)(3) with instructions that the district court make specific findings.

[¶2]  Matthew and SummerLee Thomas were married in 2008.  Matthew and SummerLee have two children, H.M.T., born in 2008, and C.M.T., born in 2009.  In May 2018 Matthew initiated a divorce proceeding, citing irreconcilable differences.  Following trial in February 2019, the district court issued its findings of fact, conclusions of law, and order for judgment.  A judgment was entered accordingly, granting an absolute decree of divorce, distributing assets, and giving SummerLee and Matthew joint residential responsibility of H.M.T. and C.M.T.

[¶3]  Matthew appeals, arguing the district court erred when applying the best interest factors.

> We exercise a limited review of child custody awards.  A district court's decisions on child custody, including an initial award of custody, are treated as findings of fact and will not be set aside on appeal unless clearly erroneous.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made.  Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result.  A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable for a difficult child custody decision involving two fit parents.

*Dickson v. Dickson*, 2018 ND 130, ¶ 7, 912 N.W.2d 321.

1

[¶4]   Matthew argues the best interest factors (a) and (c) are not supported by the evidence.  Section 14-09-06.2(1)(a) and (c), N.D.C.C., provides in relevant part:

> a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.
> . . . .
> c. The child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future.

[¶5]   "A district court has substantial discretion in making a custody decision, but it must consider all of the factors listed in N.D.C.C. § 14-09-06.2(1)(a)-(m)." *Cox v. Cox*, 2000 ND 144, ¶ 10, 613 N.W.2d 516.  "A separate finding is not required for each statutory factor, but the court's findings should be stated with sufficient specificity so we can understand the factual basis for its decision." *Id.*

[¶6]   Matthew argues the district court's findings under factor (a) are not supported by the evidence.  Matthew's argument surrounds an incident when H.M.T., then ten years old, was having conversations with an adult male online.  Matthew argues the court's finding under (a) was not supported by the evidence.  Matthew argues the finding was contrary to the messages viewed by the parenting investigator and SummerLee admitting at trial she knew H.M.T. was talking to an adult male online.  A district court has substantial discretion in making a custody decision.  *Cox*, 2000 ND 144, ¶ 10, 613 N.W.2d 516.  On appeal, we do not reweigh conflicting evidence or judge the credibility of witnesses.  *Dronen v. Dronen*, 2009 ND 70, ¶ 7, 764 N.W.2d 675.  SummerLee testified she was aware H.M.T. and the adult male had talked, but was not aware they were talking in an inappropriate manner, and when H.M.T. brought it up SummerLee told H.M.T. to stop talking to him.  Based on SummerLee's testimony, the court could find SummerLee "was not aware of this when it happened, and when she found out about it, she stopped it."

[¶7]   Matthew argues if the facts do not support the evidence under factor (a), the facts are not supported under factor (c) either.  He does not allege any law or facts to support this assertion.  "Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them."  *Frith v. N.D. Workforce Safety & Ins.*, 2014 ND 93, ¶ 25, 845 N.W.2d 892.  We conclude the district court's findings under factors (a) and (c) are not clearly erroneous.

## II

[¶8]   Matthew also argues the district court failed to apply an admitted pattern of violence and focused instead on serious bodily injury in regards to N.D.C.C. § 14-09-06.2(1)(j).  Matthew contends the word "or" in the statute should apply here and the court erred by solely focusing on serious bodily injury.

> In determining parental rights and responsibilities, the court shall consider evidence of domestic violence.  If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury *or* involved the use of a dangerous weapon *or* there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child.

N.D.C.C. § 14-09-06.2(1)(j) (emphasis added).

[¶9]   "When a district court addresses whether evidence of domestic violence triggers the presumption under that statute, we require specific findings and conclusions regarding the presumption so we are not left guessing as to the court's rationale regarding the application of the presumption."  *Gietzen v. Gabel*, 2006 ND 153, ¶ 9, 718 N.W.2d 552.  "The district court's findings should be sufficiently detailed to allow this Court to understand the basis for its decision."  *Mowan v. Berg*, 2015 ND 95, ¶ 9, 862 N.W.2d 523.

[¶10] Here, the district court, in analyzing factor (j), said:

Matthew asserts, and Summer agrees, that she slapped him multiple times in front of the children. This occurred when Summer found out that Matthew was leaving her and had been having an affair.

N.D. Cent. Code § 14-07.1-01(2) states as follows:

> "Domestic violence" includes physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family household members.

Here, this activity took place in front of the children, and the children, in their discussions with the parenting investigator, still recalled it.

The Court concludes that these actions do constitute domestic violence, but because no serious bodily injury resulted, it does not create any presumption.

This factor, however, favors Matthew.

[¶11] The purpose of an appeal is to review the actions of the district court. *State v. Dockter*, 2019 ND 203, ¶ 8, 932 N.W.2d 98. The court made specific findings, finding that SummerLee slapped Matthew "multiple times." The court also found the presumption did not apply. However, the court, in its conclusion that the presumption did not apply did not determine if its finding constituted a pattern of domestic violence within a reasonable time proximate to the proceeding. The conclusion on the presumption is not specific enough for this Court to understand the court's rationale and we are left to guess the basis for the court's decision. We remand with instructions for the court to address whether the facts presented triggered the presumption based on a pattern of domestic violence under N.D.C.C. § 14-09-06.2(1)(j), and if so, whether the presumption has been rebutted.

4

## III

[¶12] Additionally, Matthew argues the district court erred by failing to include all of the stipulated parenting plan or make findings that the terms were not in the children's best interests.

[¶13] A district court is not bound to accept stipulations regarding custody and care of children if it finds that it is not in the best interests of the child to do so. *Tiokasin v. Haas*, 370 N.W.2d 559, 562 (N.D. 1985). *See also Zeller v. Zeller*, 2002 ND 35, ¶ 16, 640 N.W.2d 53.

[¶14] Most, but not all, of the stipulated agreement is in the district court's judgment and order. However, the court did not make findings regarding the portions of the stipulated agreement that were not part of the judgment and order. The court is not bound to accept the stipulation, but if it does not, it must make findings that the stipulation is not in the best interests of the children. Again, "[t]he district court's findings should be sufficiently detailed to allow this Court to understand the basis for its decision." *Mowan*, 2015 ND 95, ¶ 9, 862 N.W.2d 523. We are unable to understand why the court adopted only portions of the stipulated agreement. We remand with instructions that the court include the stipulations or make findings why the stipulations were not in the best interests of the children.

## IV

[¶15] For the reasons discussed in this opinion, we affirm in part and remand while retaining jurisdiction under N.D.R.App.P. 35(a)(3) with instructions that the district court make specific findings.

[¶16] Lisa Fair McEvers
  Daniel J. Crothers
  Jerod E. Tufte
  Jon J. Jensen
  Gerald W. VandeWalle, C.J.

5