2008-NMCA-024

176 P.3d 1184

**Gloria B. CHERINO, Petitioner–Appellant,**

v.

**Samuel A. CHERINO, Respondent–Appellee.**

No. 26,970.

Court of Appeals of New Mexico.

Dec. 18, 2007.

Susan Cross, Taos, NM, for Appellant.

Samuel A. Cherino, Pro Se Appellee.

## OPINION

FRY, Judge.

{1} Petitioner Gloria Cherino (Mother) appeals from the district court's order transferring jurisdiction over pending custody proceedings involving the parties' biological children to the Isleta Pueblo's tribal court. The district court based its order on the ground that the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901 (2007), grants the tribal court exclusive jurisdiction over the minor children. We hold that the ICWA is not implicated in divorce proceedings and reverse the district court's order transferring jurisdiction.

## BACKGROUND

{2} In 2004, Mother filed a petition for dissolution of marriage in district court. Respondent Samuel Cherino (Father) did not enter an appearance or file any pleadings in response to the petition. However, twenty-four hours prior to the hearing on the petition, Father delivered to Mother a signed marital settlement agreement. Following the hearing on the divorce petition, the district court entered a final decree of divorce, in which the court adopted the marital settlement agreement's timesharing schedule regarding the children, with minor modifications. The decree also ordered Father to pay child support to Mother.

{3} Less than six months after the district court entered the decree, Mother filed a motion to modify the visitation schedule and to enforce child support. Mother alleged that Father had struck the parties' son and that Father had "no safe place to live." Mother asked the district court for elimination of the children's overnight stays with Father. Following a hearing on the motion, the district court entered an order awarding Mother sole legal and physical custody of the children "in the best interest and safety of the children."

{4} Almost a year later, Father filed a motion in district court seeking modification of custody. At the hearing on the motion, the district court informed the parties that prior to the hearing the tribal court had faxed to the district court a motion to intervene. The district court also told the parties that, after speaking by telephone with Isleta Pueblo's chief judge, the district court had determined that it would grant the tribal court's request to transfer jurisdiction of the proceedings to the tribal court. In the order transferring jurisdiction, the district court found that: (1) Father is a member of the Isleta Pueblo and lives within the Pueblo's boundaries, (2) the children are eligible for tribal membership, (3) the children are subject to the ICWA, and (4) the Isleta Tribal Court has requested a transfer of jurisdiction.

{5} The district court attached to its order the tribal court's motion to intervene, in which the tribal court argued that the children were both subject to the ICWA, and that the Pueblo could provide services necessary for the entire family, including "mental health, human resource, and educational" resources. The tribal court contended that it was in the best interests of the children for the district court to transfer jurisdiction to the tribal court.

{6} On appeal, Mother contends that the district court's transfer of jurisdiction was improper under both the ICWA and the Uniform Child–Custody Jurisdiction and Enforcement Act (UCCJEA), NMSA 1978, §§ 40–10A–101 to –210 (2001). Father did not file an answer brief in this case, despite our having granted him an extension of time to do so. Because we agree with Mother that the ICWA does not apply in cases involving custody of children when the children remain with the biological parents, we do not address her argument based on the UCCJEA.

**DISCUSSION**

**Standard of Review**

{7} The district court's ruling on the tribal court's jurisdiction is a question of law that we review de novo. *Gallegos v. Pueblo of Tesuque*, 2002–NMSC–012, ¶ 6, 132 N.M. 207, 46 P.3d 668 ("[T]he determination of whether jurisdiction exists is a question of law which an appellate court reviews de novo."). Determining the applicability of the ICWA requires us to interpret statutory language, which is also subject to de novo review. *Morgan Keegan Mortgage Co. v. Candelaria*, 1998–NMCA–008, ¶ 5, 124 N.M. 405, 951 P.2d 1066.

{8} The question of whether the ICWA applies to give a tribal court exclusive jurisdiction over custody disputes between biological parents is an issue of first impression. New Mexico courts have applied the ICWA, but only as it pertains to child custody issues in proceedings other than divorce cases. *See State ex rel. Children, Youth & Families Dep't v. Andrea M.*, 2000–NMCA–079, ¶¶ 1, 2, 129 N.M. 512, 10 P.3d 191 (applying the ICWA in an abuse and neglect proceeding); *In re Ashley Elizabeth R.*, 116 N.M. 416, 417, 863 P.2d 451, 452 (Ct.App.1993) (applying the ICWA in proceedings involving guardianship awarded to non-Indian paternal grandparents after the Indian mother's death); *In re Vyril Van Begay*, 107 N.M. 810, 811, 765 P.2d 1178, 1179 (Ct.App.1988) (applying the ICWA in proceedings involving the adoption of an Indian child by non-Indian parents). To answer this novel question, we begin by considering the language of the ICWA and then discuss case law in other jurisdictions that have addressed the issue.

**Language of the ICWA**

{9} The ICWA was enacted to protect the best interests of Indian children who are members of, or eligible for, membership in an Indian tribe. 25 U.S.C. § 1901(3). Under the ICWA, an Indian tribe may intervene and request transfer of jurisdiction to the tribe in proceedings involving "foster care placement of, or termination of parental rights to, an Indian child." 25 U.S.C. § 1911(b), (c) (2007). Congress enacted the ICWA in order to address the concern "that an alarmingly high percentage of Indian families are broken up by the removal, often unwarranted, of their children from them by nontribal public and private agencies and that an alarmingly high percentage of such children are placed in non-Indian foster and adoptive homes and institutions." 25 U.S.C. § 1901(4); *see Andrea M.*, 2000–NMCA–079,

¶ 8, 129 N.M. 512, 10 P.3d 191 (explaining that "Congress enacted [the] ICWA to remedy the difficulties arising from state-facilitated proceedings that often resulted in the removal of Indian children from their homes with little or no consideration of an Indian child's cultural heritage or the tribe's interest in the removal of Indian children from their Indian homes").

Section 1911 of the ICWA provides in pertinent part:

(a) Exclusive jurisdiction

An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law.

(b) Transfer of proceedings; declination by tribal court

In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe: Provided, [t]hat such transfer shall be subject to declination by the tribal court of such tribe.

(c) State court proceedings; intervention

In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child, the Indian custodian of the child and the Indian child's tribe shall have a right to intervene at any point in the proceeding.

(Emphasis omitted.)

{10} The ICWA defines the term "child custody proceeding" as including "foster care placement," "termination of parental rights," "preadoptive placement," and "adoptive placement." 25 U.S.C. § 1903(1)(i)-(iv) (2007) (internal quotation marks omitted). However, the term expressly "shall not include ... an award, in a divorce proceeding, of custody to one of the parents." *Id.* Furthermore, in published guidelines for state courts regarding the intended application of the ICWA, the Bureau of Indian Affairs stated the following:

Child custody disputes arising in the context of divorce or separation proceedings or similar domestic relations proceedings are not covered by the Act so long as custody is awarded to one of the parents.

Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.Reg. 67,584, 67,587 B.3.(b) (1979); *see Ashley Elizabeth R.,* 116 N.M. at 419, 863 P.2d at 454 (stating that the Bureau of Indian Affairs Guidelines are persuasive authority). Thus, the language of the ICWA itself and the Bureau of Indian Affairs Guidelines mandate the conclusion that the ICWA does not apply in the present case.

**Decisions by Courts in Other Jurisdictions**

{11} Our conclusion is supported by cases from other jurisdictions. For example, in *DeMent v. Oglala Sioux Tribal Court,* 874 F.2d 510, 514 (8th Cir.1989), the Eighth Circuit Court of Appeals concluded that the ICWA did not operate to vest a tribe with jurisdiction over a custody dispute between biological parents, one of whom was Indian. *See also Cox v. Cox,* 2000 ND 144, ¶ 7, 613 N.W.2d 516, 519 (holding that the ICWA did not apply to a custody dispute in a divorce proceeding); *In re Defender,* 435 N.W.2d 717, 721 (S.D.1989).

{12} We hold that the ICWA does not apply in the present case. The district court erred in transferring jurisdiction to the Isleta Pueblo tribal court.

**CONCLUSION**

{13} For the foregoing reasons, we reverse the district court's order transferring jurisdiction and remand for proceedings consistent with this opinion.

{14} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and RODERICK T. KENNEDY, Judges.