## STATE EX REL. CYFD V. HELEN G.

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO, ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**
**Petitioner-Appellee,**
**v.**
**NELEH G. AND ARMANDO G.,**
**Respondents,**
**and**
**IN THE MATTER OF HELEN G.,**
**Child-Appellant.**

Docket No. A-1-CA-37886
COURT OF APPEALS OF NEW MEXICO
May 23, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, John Julio Romero, Jr., District Judge

### COUNSEL

Children, Youth & Families Department, Rebecca J. Liggett, Chief Children's Court Attorney, Santa Fe, NM, Kelly P. O'Neill, Albuquerque, NM for Appellee

Roybal-Mack & Cordova, P.C., Antonia Roybal-Mack, Albuquerque, NM for Appellant

Deborah Gray, Albuquerque, NM Guardian Ad Litem.

### JUDGES

J. MILES HANISEE, Judge. WE CONCUR: JULIE J. VARGAS, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** J. MILES HANISEE

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** The Guardian ad Litem (GAL) appeals from the district court's order adjudicating Child neglected. We issued a notice of proposed summary disposition proposing to affirm, and appellate counsel has responded with a timely memorandum in opposition and motion to amend the docketing statement. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}** The GAL continues to challenge the district court finding that there is "reason to know" that Child is an Indian child within the meaning of the Indian Child Welfare Act (ICWA). [MIO 2-4]

In its adjudicatory order, the district court stated the following:

There is reason to know the child is an Indian child, based upon testimony from the CYFD Permanency Planning Worker, Rebecca Eisenberg, that Respondent Armando Gallegos told her that he believes he has "some Navajo heritage" from a relative. However, it is undetermined at this time whether the Indian Child Welfare Act applies to the proceedings, as the investigation of the child's heritage by the Navajo Nation is still pending. The parties are required to inform the Court of any subsequently received information concerning whether the child is an Indian Child.

[RP 168]

**{3}** The GAL argues that Father's statement that he believes he has some Navajo heritage is insufficient to create "reason to know" that Child is an Indian Child, citing to a provision in the Code of Federal Regulations specifying how a state court should determine if there is "reason to know" that a child is an Indian child. *See* 25 C.F.R. § 23.107(c) (2018). [MIO 2-4] The GAL contends that the district court should not have concluded that there was "reason to know" because Father's statement, without more, does not give rise to a "reasonable belief" that Child is an Indian child and is merely speculative and conjectural. [MIO 3]

**{4}** In our notice of proposed summary disposition, we questioned whether review of this finding was appropriate at this stage of the proceedings, noting that the district court has not yet made a determination as to whether ICWA applies to this case because, as stated in the neglect adjudication, "the investigation of the child's heritage by the Navajo Nation is still pending." [RP 160] Rather, the district court has reserved ruling on the applicability of ICWA until information that it anticipates receiving becomes available. We therefore indicated that we were inclined to view the district court's finding that "there is reason to know that Child is an Indian Child" as a non-final interlocutory determination and not subject to review at this time. *See Roark v. Farmers Group, Inc.*, 2007-NMCA-074, ¶ 41, 142 N.M. 59, 162 P.3d 896 (recognizing that this Court's appellate jurisdiction is generally limited to final judgments or decisions, interlocutory orders or decisions which practically dispose of the merits of the action, or any final

order after entry of judgment which affects substantial rights, in any civil action in the district court).

**{5}** In the memorandum in opposition, appellate counsel responds, citing to a different portion of the C.F.R., which states in its entirety,

> If there is reason to know the child is an Indian child, but the court does not have sufficient evidence to determine that the child is or is not an "Indian child," the court must:
>
> (1) Confirm, by way of a report, declaration, or testimony included in the record that the agency or other party used due diligence to identify and work with all of the Tribes of which there is reason to know the child may be a member (or eligible for membership), to verify whether the child is in fact a member (or a biological parent is a member and the child is eligible for membership); and
>
> (2) Treat the child as an Indian child, unless and until it is determined on the record that the child does not meet the definition of an "Indian child" in this part.

25 C.F.R. § 23.107(b) (2018).

**{6}** We understand appellate counsel to argue that the district court erred when it stated that it was undetermined whether ICWA applied in this case, and that 25 C.F.R. § 23.107(b)(2) required the district court to find that ICWA does apply based on its finding that there is "reason to know" that Child is an Indian child. [MIO 3] Appellate counsel argues further that, because the district court was compelled to make a finding that ICWA applied, its finding that there is "reason to know" Child is an Indian child is appealable under NMSA 1978, Section 39-3-2 (1966), because it is a judgment affecting a substantial right. [MIO 2-3]

**{7}** We disagree. Contrary to appellate counsel's assertion, the portion of the C.F.R. cited does not require the district court to find that ICWA applies when it finds that there is "reason to know" a child is an Indian child. Rather , it requires the district court to "treat the child as an Indian child," unless and until it is determined that the child does not meet the definition of an Indian child. We therefore reject the argument that the district court was compelled to make a legal conclusion as to the applicability of ICWA on the basis of its finding. Moreover, the regulation affirmatively requires the district court to "work with all of the Tribes of which there is reason to know the child may be a member (or eligible for membership), to verify whether the child is in fact a member (or a biological parent is a member and the child is eligible for membership)." 25 C.F.R. § 23.107(b)(1). Such an investigation, in cooperation with the Navajo Nation, is exactly what the district court's order contemplates.

**{8}** For these reasons, we remain of the opinion that there has been no entry of a final order or judgment affecting Child's substantial rights as far as any ICWA issue is concerned. As the district court's order makes clear, a determination as to the applicability of ICWA is forthcoming, but has not yet been made. While the GAL takes issue with the district court's statement that "there is reason to know" that Child is an Indian child, that statement has not been used as a basis for any final determination in this matter. To the extent that the district court's use of the phrase "reason to know" is not technically correct, this circumstance is insufficient to convert the district court's interlocutory determination into an appealable order.

**{9}** In summary, the district court's decision to reserve ruling on the applicability of ICWA pending the outcome of the investigation by the Navajo Nation appears principled and appropriate, and we see no basis or reason for the appellate court to interfere with the normal course of proceedings below or to issue a determination affecting the applicability or non-applicability of ICWA at this juncture. We emphasize, however, that once the district court rules on the ICWA question, such a determination is appealable. *See Cherino v. Cherino*, 2008-NMCA-024, ¶¶ 7-12, 143 N.M. 452, 176 P.3d 1184 (reviewing on appeal the district court's determination that ICWA applies); *see also State ex rel. CYFD v. Nathan H.*, 2016-NMCA-043, ¶¶ 12-23, 370 P.3d 782 (reviewing on appeal the district court's determination that ICWA does not apply).

**{10}** The GAL next continues to challenge the district court's determination that Father did not abandon Child. [MIO 4-5] To reiterate the relevant facts on this issue, in its adjudicatory judgment and dispositional order, the district court found specifically as to Father:

> [A.G.] is the father of [Child]. [Father] failed to intervene and left the child in an unsafe situation with the Respondent [Mother]- exposing [Child] to a risk of suffering serious harm. There was violence in the home between the [Father] and [Mother], including an incident of domestic violence occurring between [Father] and [Mother] while [Mother] was holding the young child in her arms. [Father] did not attempt to provide resources for [Child], he failed to demonstrate sufficient protective capacities to ensure [Child's] safety and well-being, he consciously disregarded his responsibilities and duties to [Child], and he is in need of additional parenting skills to safely parent [Child].

[RP 169] On these findings, the district court determined that, as to Father, Child was an abused child as defined by Section 32A-4-2(B)(4) (2018) (defining "whose parent, guardian or custodian has knowingly, intentionally or negligently placed the child in a situation that may endanger the child's life or health), and that Child was a "neglected child" as defined by Section 32A-4-2(G)(4) (2018) (defining "neglected child" as one "whose parent, guardian or custodian is unable to discharge that person's responsibilities to and for the child because of incarceration, hospitalization or physical or mental disorder or incapacity). [RP 169] However, the district court also specifically declined to find that Father abandoned Child under a statutory provision defining

"abandonment" as "instances when the parent, without justifiable cause . . . left the child with others, including the other parent or an agency, without provision for support and without communication for a period of three months if the child was under six years of age at the commencement of the three-month period." *See* § 32A-4-2(A)(2). [RP 169]

**{11}** In our notice of proposed summary disposition, we proposed to affirm, in part because the GAL had failed to comply with our rules of appellate procedure by including only a recitation of the evidence favorable to her position in the docketing statement. Specifically, although the record indicated that several witnesses testified at the hearing, the GAL only informed this Court of those portions of Mother's testimony tending to show that Father abandoned Child. *See Crutchfield v. N.M. Dept. of Taxation and Revenue*, 2005-NMCA-022, ¶ 17, 137 N.M. 26, 106 P.3d 1273 (recognizing that where an appellant fails to include the substance of all evidence bearing on a proposition, this Court will not consider a challenge to the sufficiency of the evidence); *see also* Rule 12-208(D)(3) NMRA (requiring an appellant to set out all facts material to a consideration of the issues raised); *Loverin v. Debusk*, 1992-NMCA-023, ¶ 3, 114 N.M. 1, 833 P.2d 1182 ("In this [C]ourt's calendaring system, it is important to have all the facts, including those that support what the trial court did.").

**{12}** Appellate counsel now asks that she be granted leave to amend the docketing statement or that this matter be placed on the General Calendar for a full review of the hearing at issue. [MIO 4-5] We first decline to place this matter on the General Calendar. The GAL does not argue, either in the docketing statement or the memorandum in opposition, that the district court's factual findings are not supported by sufficient evidence. Rather, the GAL appears only to challenge the district court's conclusion, based on those findings, that CYFD had not met its burden to show that Father abandoned Child as defined by Section 32A-4-2(A)(2). *See State ex rel. Children, Youth and Families v. Scott C.* 2016-NMCA-012, ¶ 14, 365 O.3d 27, (stating that CYFD has the burden in an abuse and neglect proceeding). Our review of the district court's factual findings supports its determination that Father did not abandon Child, as there are no findings to indicate either that Father acted "without justifiable cause" or that he left Child without provision or support for the statutorily defined time period of more than three months. *See* § 32A-4-2(A)(2) (defining that applicable definition of abandoned).

**{13}** However, even if testimony to support such findings was introduced at the hearing, the district court was not required to believe it or accept it. *See Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82 ("It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies."); *see also Williams v. Williams*, 1989-NMCA-072, ¶ 7, 109 N.M. 92, 781 P.2d 1170 (explaining that the duty to weigh the credibility of witnesses and to resolve conflicts in the evidence lies with the [district] court, not the appellate court). Additionally, under our standard of review, we do not review the evidence to determine whether different factual findings could have been made. *See Mayeux v. Winder*, 2006-NMCA-028, ¶ 11, 139 N.M. 235,

131 P.3d 85 (recognizing that on review of the district court's factual findings, the presence of evidence supporting the opposite result is not relevant).

**{14}** Accordingly, review of the hearing at this stage to discover whether such evidence or testimony occurred below will not result in a reversal of the district court, because, on appeal, we do not review the evidence to make additional factual findings or determine if evidence existed that would have supported different findings. *See Blaze Constr. Co. v. Taxation & Revenue Dep't*, 1994-NMSC-110, ¶ 24, 118 N.M. 647, 884 P.2d 803 ("It is well established that an appellate court will not find facts on appeal."); *Hudson v. Village Inn Pancake House of Albuquerque, Inc.*, 2001-NMCA-104, ¶ 8, 131 N.M. 308, 35 P.3d 313 ("The fact that other evidence existed which would have supported different findings does not require reversal."). We therefore also deny the request for leave to amend the docketing statement, as appellate counsel has not demonstrated that amending the docketing statement would result in a viable issue. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (denying the motion to amend the docketing statement where the issue the defendant sought to raise was not viable).

**CONCLUSION**

**{15}** For these reasons, we affirm the district court.

**{16}** **IT IS SO ORDERED**.

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**